[No. 28922. Department Two. May 6, 1943.]

VELMA A. SMYSER, *Respondent*, v. BERT A. SMYSER et al., *Appellants*.[1]

[1]Reported in 137 P. (2d) 107.

*Tyre H. Hollander* and *William N. Goodwin,* for appellants.

*Scott, Langhorne & McGavick,* for respondent.

ROBINSON, J.—Velma A. Smyser and Bert A. Smyser were divorced in 1940, following an interlocutory decree entered in November, 1939. The interlocutory decree awarded certain property to each of the parties, and alimony to Mrs. Smyser, payable over a period of five years. In November, 1941, Velma A. Smyser filed this action against Bert A. Smyser, joining, as codefendants, Northern Federal Savings & Loan Association, The Omicron Company, and Puget Sound Savings & Loan Association, alleging that, at the time the property was divided in the divorce action, Bert A. Smyser fraudulently and wrongfully withheld from her knowledge personal property consisting of accounts in the codefendant banking institutions of a value of more than twenty-three thousand dollars. Unknown to the plaintiff, a considerable portion of that amount, being that which was in the possession of the Northern Federal Savings & Loan Association, had been withdrawn prior to the institution of the suit, and, upon this being made to appear at the trial, that defendant was dismissed. The plaintiff prayed for an equal division of the property.

Charles H. Smyser, father of Bert A. Smyser, intervened, claiming that the accounts, though standing in the name of Bert A. Smyser at the time of the divorce, in reality belonged to him. This position was also taken by the principal defendant.

After a trial before the court without a jury, the trial judge took the matter under advisement, and, some four or five days thereafter, filed a comprehensive memorandum opinion. Motion for new trial was made,

argued, and denied, and judgment rendered in accordance with the memorandum. This appeal followed.

The appellants, Bert A. Smyser and Charles H. Smyser, assign that the trial court erred:

"I. In finding the savings accounts involved were community property, and entering judgment in plaintiffs' favor.

"II. In failing to find the funds belonged to intervenor Charles H. Smyser.

"III. In the admission of testimony over the objection of appellants.

"IV. Denying appellant's motion for new trial."

Although assignments I and II are so general that they would permit the raising of legal questions, no such questions are raised in appellants' brief, either in opening or in reply. The appellants simply contend, in arguing assignments I and II, that the trial court came to a wrong decision on the facts.

The trial court did not believe the defendant and his principal witnesses, and so stated in its memorandum opinion, giving reasons for such disbelief which, in the light of the record itself, seem to us to be well-grounded. In fact, the pleadings themselves raise a doubt as to the good faith of the parties, and the defendant Smyser and others of his family were pretty thoroughly impeached by both oral and documentary evidence. Of the intervener-appellant, who, it was contended, was the real owner of the accounts, the court said:

"The only other witness who was called to corroborate the testimony of Bert was Charles H. Smyser, the father, a man of seventy-three years, whose memory was so bad, he seemed quite startled when asked if he had not brought suit against his sons, Ray and Bert in Cause No. 86098 in this court. His testimony is conflicting and he was so hopelessly confused and so susceptible to suggestions as to render the same of no value as corroborative of the testimony of Bert Smyser."

Sufficient has been said to show that there is no possible theory upon which this court could overrule the trial court on the facts, and, under these circumstances, this court will not include an analysis of the evidence in this opinion. To do so would not profit the appellants in any way, or be of value to anyone else.

■ Assignment of error No. III seems to be founded upon the fact that Mr. Griffin, a lawyer who represented the plaintiff in a suit in King county, was called and allowed to relate, over appellant's objection that the stenographer's notes were the best evidence, the position Bert A. Smyser took in that case concerning the ownership of the same accounts involved in this. The witness did not attempt to quote the exact testimony of Bert A. Smyser, but merely to give the general purport of it. He had refreshed his memory from his own trial notes. Appellants cite no authority to sustain their position on this assignment, saying merely: "It is plain Hornbook law." We are of the opinion that the trial court did not abuse its discretion in permitting the witness to testify, at least so long as he did not pretend to be stating the exact language of the witness, but merely the substance of his testimony. This action was tried in Pierce county, and, presumably, the stenographer's notes were not procurable short of King county, and, perhaps, not even there. In any event, the error, if error it was, was harmless. Bert A. Smyser was quite effectively impeached in other ways.

■ Finally, it is claimed that the court erred in not granting a new trial. It is said that the court was so biased and prejudiced that it saw and heard but one side of the case. References are made to the record, and remarks of the court are quoted which, without their context, seem somewhat severe, sufficiently so at least to have required a new trial had they been made in the presence of a jury. But, upon a check

of the circumstances under which each was made, we get the distinct impression that some of them were made on provocation, and others have been unduly magnified by counsel. An attorney in a case is quite likely to think a judge prejudiced who says of his client and his witnesses, as the trial judge did in this case at the close of a careful analysis of the evidence in his memorandum opinion:

"Weighed by any standard to determine its truthfulness the testimony of Bert Smyser and his witnesses in this case reeks with untruths, deliberate falsehoods and conflicting assertions, . . .".

We are of the opinion that the appellants' claim that the court below did not accord them a fair trial is not supported by the record.

It is further urged in support of assignment No. IV that a new trial should have been granted on the ground of newly discovered evidence. It appears that the so-called newly discovered evidence was set out in an affidavit of one McLean. This affidavit has not been certified to us as a part of the statement of facts, is not properly a part of the record, and we cannot consider it or the assignment based upon its contents.

The judgment and decree appealed from is affirmed.

SIMPSON, C. J., BEALS, and GRADY, JJ., concur.

MILLARD, J., concurs in the result.